(No. 22298.—

IN RE JOSEPH A. KOLB, Attorney, Respondent.

*Opinion filed December 19, 1935.*

CHARLES P. MEGAN, *amicus curiæ.*

SIMON HERR, and CHARLES P. R. MACAULAY, for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

This is a disciplinary proceeding under Rule 59 of this court against Joseph A. Kolb, an attorney at law. The commissioners found that the conduct of the respondent denoted a lack of good moral character and tended to bring the courts of justice and the profession of law into disrepute and contempt. They recommended that he be suspended from practice for two years and until the further order of court. The board of managers of the Chicago Bar Association approved the findings of the commissioners but recommended that respondent be disbarred. He has filed exceptions in this court.

The complaint charged that George Kaluina employed respondent as his attorney in a proceeding for divorce instituted by Mrs. Kaluina; that Kaluina paid respondent $140 on account; that respondent thereafter entered into negotiations with the attorney who represented Mrs. Kaluina and a property settlement between the parties was effected whereby Kaluina paid his wife $500 in cash, delivered to her $9000 in notes secured by first mortgages on real estate, and agreed to pay her the sum of $10 a week for the support of their minor child; that Kaluina was a co-partner in a butcher shop and had accumulated considerable property; that the basis of the settlement was an approximately equal division thereof between the parties; that in the early part of the negotiations Kaluina disclosed the fact to the respondent that he had $3000 in cash in a safety deposit vault and was afraid his wife would obtain an injunction against his use of it, and to circumvent such action respondent suggested to Kaluina that the latter turn over the money to him on a pretended payment of fees for legal services; that Kaluina followed the suggestions of respondent and turned over to him said sum of money and took a receipt showing a payment of it as attorney's fees to respondent; that the transaction was intended to defraud Mrs. Kaluina by bringing about a property settle-

ment on an improper basis, and that a decree for divorce was entered in favor of Mrs. Kaluina and payments were made to her according to the agreement. The complaint further charged that after the entry of the decree for divorce Kaluina demanded of respondent the return of said sum of $3000; that respondent said he could not return the money at that time, as it had been used to pay off a mortgage indebtedness; that Kaluina and respondent then made a settlement whereby respondent received in final settlement of his services a credit of $1000 and gave his note to Kaluina for $2000, payable ninety days after date; that this note was never paid, and that the conduct of the respondent amounted to a wrongful conversion of the funds of his client.

Two hearings were had upon the complaint. The first was duly reported and this court granted leave to take additional testimony. The final report is based upon the evidence taken upon both hearings.

The record discloses that Kaluina was a discerning and successful business man. On the other hand, respondent was financially involved. After the relationship of attorney and client began the men became very good friends and were frequently together at places of entertainment and amusement. It is conceded that Kaluina knew the financial circumstances of his attorney. There is no evidence that respondent was guilty of any misrepresentation. The proof shows that Mrs. Kaluina knew of the existence of the $3000 in the safety deposit box; that there was no concealment from her and that said sum was considered in the settlement. There is a difference between the parties as to whether the use of the money turned over to respondent was with Kaluina's consent. Their stories upon this question are conflicting. Respondent claims he kept the money intact for the benefit of Kaluina until after the decree for divorce had been entered and a loan to him of $2000 was effected. Kaluina testified respondent admitted

he had used the money prior to the time he gave the note. The interested parties were the only witnesses as to this phase of the case. However, it is clearly shown that there was no disagreement between them until a considerable length of time after the maturity of the note. There is no indication that Kaluina felt himself aggrieved by any misconduct of respondent until that time. He made no claim of conversion or of unfair treatment but employed an attorney by the name of Mulks to collect what was due according to the tenor and effect of the note. Mulks attempted collection in the usual way by notifying respondent that he had the note in his hands for collection. After Mulks had failed to obtain payment Kaluina employed another attorney by the name of Siegal. This attorney made a number of attempts to enforce collection but failed in his efforts. He then filed the complaint herein with the committee on grievances of the Chicago Bar Association.

The relation of attorney and client is to be regarded as one of special trust and confidence. The dealings between an attorney and his client must be characterized by utmost fairness and good faith. (*Morrison* v. *Smith*, 130 Ill. 304.) The practice of an attorney borrowing money from his client is fraught with danger and is not to be commended, but we cannot go so far as to say that such action shall be ground for the disbarment of an attorney where he has borrowed money from his client without any overreaching or undue influence and where the client is fully cognizant of his own rights.

In our opinion the charges are not sustained by a clear preponderance of the evidence. The proof is more indicative of carelessness than of moral turpitude. Under the circumstances the rule is discharged. *Rule discharged.*